UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20065-CR-LENARD/TORRES

UNITED STATES OF AMERICA,

v.

PENTTI KALEVI KOKKO,

        Defendant.
_____/

AERSPED LTD. INTERNATIONAL,

        Petitioner/Claimant.
_____/

### OMNIBUS ORDER

This matter is before the Court on Petitioner's Motion for Hearing [**D.E. 25**], government's Motion for Discovery [**D.E. 27**]; Petitioner's Motion to Quash Subpoena Duces Tecum [**D.E. 28**]; government's Motion for Clarification of Claim, or in the Alternative, to Strike Claim of the Petitioner Aersped Ltd. [**D.E. 29**]; and related pleadings. After considering all pleadings filed and being fully advised in the premises, the Court grants the government's motion for clarification of Petitioner's claim. In light of this ruling, the Court prospectively grants the government's motion for discovery, denies Petitioner's motion to quash subpoena duces tecum, and denies without prejudice Petitioner's request for a hearing, for the reasons set forth below.

### I. BACKGROUND

On January 31, 2006, defendant Pentti Kalevi Kokko ("Kokko") was charged by indictment with knowingly and intentionally attempting to introduce into the commerce of the United States forty-nine (49) watches by means of a fraudulent and false invoice,

declaration, affidavit, letter, paper and statement, in violation of 18 U.S.C. § 542. [D.E. 7, Count 1]. The indictment sought forfeiture of Kokko's interest in the 49 watches. *Id.* On March 6, 2006, Kokko pled guilty to the aforementioned charge and agreed to forfeiture of the watches. [D.E. 18]. Kokko also executed a Consent to Forfeiture in which he specifically averred that he was the owner of the 49 watches, no other person or entity had an ownership interest in the watches, and he expressly agreed to the forfeiture of his right, title, and interest in the watches. [D.E. 19]. On March 22, 2006, the Court entered a Preliminary Order of Forfeiture [D.E. 22] that was later incorporated into Kokko's sentence. [D.E. 24].

### A. *Aersped's Opposition to Forfeiture of the 49 Watches*

On April 28, 2006, Petitioner Aersped Ltd. International ("Aersped") filed a "Petition for Hearing" alleging that it was a freight forwarder based in Switzerland that was "retained by the owners of the watches to deliver the watches to Miami on a consignment basis." [D.E. 25]. In the Petition, which was signed by Aersped's Managing Director under penalty of perjury, Aersped alleges that it employed Kokko to hand-carry the watches on a flight from Zurich to Miami. Aersped asserts a right, title, or interest in the watches as bailee for the benefit of the watch owners.

Aersped opposes the government's attempt to forfeit the watches on the ground that it is unaware upon which statute the government is relying for forfeiture. Aersped also argues that the forfeiture of the watches would violate the Excessive Fines Clause of the Eighth Amendment. Aersped compares forfeiture of the 49 watches, valued at $346,300, with Kokko's offense (failure to declare to Customs the value of items brought into this country), and concludes that forfeiture would be grossly disproportionate to the gravity of the offense. Further, Aersped notes that Kokko was ordered to pay $20,778 in restitution, which apparently was the duty that would have been due on the watches

at the time of entry into the United States. Aersped suggests that the amount of money recoverable through forfeiture is so much larger than the fine imposed by the Court that it bears no articulable correlation to any injury suffered by the government. Finally, citing 28 C.F.R. §§ 9.8(a) and 9.2(v), Aersped claims to be a victim of Kokko's criminal act, therefore the watches should be returned to it (Aersped).

On June 6, 2006, the government moved for clarification of Aersped's claim to the watches or, in the alternative, to strike the claim entirely [D.E. 29] on the grounds that Aersped had failed to demonstrate statutory standing and failed to state a claim upon which relief may be granted. The government contends that Aersped's assertions are not within the statutory parameters prescribed by 21 U.S.C. § 853(n)(3) and §§ 853(n)(6)(A) or (n)(6)(B).

Pursuant to 21 U.SC. § 853(n)(2), a third party wishing to assert an interest in property subject to a preliminary order of criminal forfeiture must timely petition for adjudication of that interest. The petition "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The government argues that Aersped has not explicitly stated the nature of its right, title, and interest in the watches nor the time and circumstances of its acquisition of the watches, and does not provide additional facts supporting its claim to the watches as required by 21 U.S.C. § 853(n)(3). Accordingly, the government alleges, the assertions contained in Aersped's Petition are simply insufficient to satisfy the standing requirement of § 853(n)(3) and that a hearing to adjudicate Aersped's interest in the watches is premature at this point. Instead of

seeking dismissal of Aersped's petition, however, the government asks that Aersped be required to modify its claim to meet the requirements of this statute.

The government also contends that Aersped's petition does not state a claim for relief under either 21 U.S.C. §§ 853(n)(6)(A) or (B). These provisions set forth the two grounds for recovery in an ancillary proceeding such as the instant one:

> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that–
>
> > (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> > (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

The government argues that Aersped's bare assertion that it was delivering watches to Miami on a consignment basis does not satisfy either of these two grounds in that Aersped has failed to establish that its interest is superior to that of Kokko's or that it was a *bona fide* purchaser of the watches without reasonable cause to believe that they were the subject of forfeiture at the time of purchase. Consequently, unless Aersped amends its claim to demonstrate an actionable interest under either § 853(n)(6)(A) or (B),

the government contends the claim should be dismissed for failure to state a claim upon which relief may be granted.[1]

Aersped thereafter responded in opposition to the government's motion for clarification or to strike. [D.E. 34]. It contends that the allegations already presented through its verified Petition – that it is a Swiss freight forwarder entrusted by the owners of the watches to deliver them to the United States, that it has a right, title and interest in the watches as a bailee, and that it is a victim for purposes of this proceeding – satisfy the standing requirements of § 853(n). Moreover, Aersped claims, it *has* stated a claim for relief under § 853(n)(6)(A) by demonstrating that Kokko was merely a hired courier without any legal interest in the watches, meaning he had no interest that he could forfeit to the government, and thus Aersped's interest in the watches is superior to that of the government's. Aersped concludes that it need not amend its Petition and that the watches should be returned to it pursuant to § 853(n)(6)(A).

In reply [D.E. 35], the government counters that Aersped's allegations that it is the bailee of the watches and that Kokko was merely a courier are only bare assertions, unsupported by any information let alone sworn information, and are insufficient to constitute a proper claim under § 853(n)(3). The government again points out that Aersped has failed to provide any information regarding how, when, and from whom it acquired the watches, as required by § 853(n)(3). Furthermore, the government notes that Aersped's assertion that Kokko was merely a courier with no interest in the watches directly contradicts Kokko's statement that he owned the watches and was unaware of

---

[1] The government also responded directly to the contentions raised in Aersped's Petition concerning Aersped's lack of knowledge of the particular statute the government was relying on to forfeit the watches; Aersped's argument that forfeiture would violate the Excessive Fines Clause of the Eighth Amendment; and Aersped's claim that it was a victim of Kokko's crime. The Court need not address these contentions in light of its ruling on statutory standing in Section II.A., *infra.*

any other person or entity with an ownership interest in them. [D.E. 19]. The government posits that Aersped should be required to make a sufficient showing of standing and entitlement to pursue its claim in this Court by complying with the explicit provisions of § 853(n)(3). Until Aersped demonstrates *facts* surrounding its alleged bailment of the watches and its alleged relationship to Kokko, the government argues, neither it nor this Court can determine whether Aersped's interest in the watches is legal and superior to the government's.

### B.   *Government's Request to Conduct Discovery*

Shortly after Aersped filed its original Petition, the government sought an order authorizing discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B). [D.E. 27]. The stated purpose of the discovery was to permit the government to explore the basis for Aersped's claim to the 49 watches.[2] At the same time, the government served a Fed. R. Civ. P. 30(b)(6) deposition subpoena *duces tecum* and notice of taking deposition on Aersped. [D.E. 30 at 2, ¶ 4]. Aersped responded with a motion to quash the subpoena and to require any deposition that might be authorized to take place in Switzerland. [D.E. 28]. The sole basis articulated for quashing the subpoena is that Aersped is a Swiss company and its 30(b)(6) witness is a citizen of Switzerland and a foreign national who is located outside the Court's subpoena power. [D.E. 28].

The government challenges Aersped's claim that it is beyond the subpoena power of this Court. [D.E. 30]. It notes that Aersped is not merely a witness in this case, it is

---

[2]   Specifically, the government seeks discovery in the following areas: (1) the basis for Aersped's claimed interest in, and the extent of its interest in the assets identified in this Court's Preliminary Order of Forfeiture; (2) how and from whom and for what value and under what terms Aersped obtained ownership or bailment of the assets in question; (3) the employment/contractor arrangement between Aersped and Kokko as well as directives and instructions given to Kokko; and (4) all claims and defenses of Aersped. [D.E. 27 at 2].

a party/intervenor who is seeking affirmative relief from this Court, i.e., the return of the 49 watches, accordingly it is subject to the subpoena power of this Court.  Moreover, the government asserts that Aersped must produce its 30(b)(6) witness for deposition here in Miami, the location chosen by the party setting the deposition (i.e., the government).  The government contends that, if Aersped's motion to quash the subpoena were treated as a motion for protective order under Fed. R. Civ. P. 26(c)(2), the company has failed to articulate a basis (such as undue burden or expense) for changing the location of the deposition to Switzerland, and thus Aersped has failed to meet the good cause requirement of this rule.  Morever, the government claims that requiring it to travel to a foreign country for the deposition would be "vastly" more expensive, time-consuming, and inefficient than if the deposition were held here.  In addition to travel expenses for the prosecutor handling this case, a qualified court reporter, and a qualified translator, the prosecutor would be required to obtain an official passport in order to travel on official business; obtain permission from the foreign government to take the deposition in that country; and comply with whatever discovery restrictions were imposed by the foreign government.  The government contrasts this scenario with the lesser burden on Aersped's designated representative or representatives having to travel to Miami for the deposition.

## II.  ANALYSIS

### A.  *Aersped's Petition Under 21 U.S.C. § 853(n)*

A criminal forfeiture proceeding under 21 U.S.C. § 853 is an *in-personam* action against a criminal defendant.  Once the defendant's property is ordered forfeited, a third party "asserting a legal interest in the property forfeited to the United States" may file a petition pursuant to § 853(n) and argue that the forfeiture order should be modified to the extent of the third party's interest.

> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

§ 853(n)(2). This provision permits an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims.

As previously recited, § 853(n)(3) sets forth what must be included in the verified petition:

> the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

§ 853(n)(3). "Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing." *United States v. Pegg*, 1998 WL 34309460, *2 (M.D. Ga. Nov. 25, 1998) (citing numerous cases so holding); *see also United States v. BCCI Holdings (Luxembourg), S.A.*, 956 F. Supp. 1, 4 (D.D.C. 1996) (court may dismiss without a hearing a petition that fails to allege all elements necessary for recovery, including those relating to standing); *cf. United States v. Toma*, 1997 WL 467280, *2 (N.D. Ill. Aug. 6, 1997) (petition that recited dates and circumstances under which the claimant acquired title to property as well as additional supporting facts was deemed sufficient so that a hearing would be held to resolve factual issue of whether claimant owned the forfeited property).

The government does not dispute the ability of a bailee, as Aersped claims to be, to contest forfeiture of its property. That is well established. *See, e.g., Via Mat Int'l South America Ltd. v. United States*, 446 F.3d 1258, 1262-63 (11th Cir. 2006) (non-owners of

property, such as bailees, may also have injuries resulting from the seizure of property that are sufficient to establish standing); *United States v. $244,320.00,* 295 F. Supp. 2d 1050, 1060-61 (S.D. Iowa 2003) (the possessory interest of a bailee of seized currency is sufficient to confer standing to contest forfeiture of that currency).

However, the government argues, and the Court agrees, that Aersped must do more than simply allege it is a bailee and that it has an interest in the watches at issue here. The plain language of § 853(n)(3) clearly requires more than what Aersped has alleged. The statute requires Aersped to set forth, in addition to the nature and extent of its right, title, or interest in the watches, "the time and circumstances of [its] acquisition of the right, title, or interest" in the watches as well as any additional facts supporting its claim. The bare allegations that it was entrusted by the owners of the watches to deliver them to Miami, and that Kokko was merely its courier, do not satisfy the explicit requirements of § 853(n)(3). *See, e.g., United States v. $205,991.00 in United States Currency,* 1997 WL 669839, *2 (S.D. N.Y. Oct. 28, 1997) (bailee who fails to identify bailor lacks standing to maintain a claim for currency subject to forfeiture); *United States v. $557,933.89, More or Less in U.S. Funds,* 1998 WL 817651, * 2 (E.D.N.Y. March 2, 1998) (no standing where custodian of forfeited property failed to identify the owner of property).

Although at this stage of the proceedings Aersped need not *prove* its allegations, it must do more than simply assert it has an interest in the watches. Consistent with § 853(n)(3), a claimant of some interest in property must do more than state that interest in a conclusory fashion, as Aersped has done here. *See, e.g., Pegg*, 1998 WL 34309460 at *3 (petition which merely recited language from § 853(n) and alleged general conclusions, without providing allegations of fact as required by § 853(n)(3), insufficient and petition dismissed). "The claimant needs to provide *some explanation of the interest*

for it to qualify as a colorable possessory interest sufficient to establish standing." *$244,320.00*, 295 F. Supp. 2d at 1061 (court found a "substantial body of law that requires some additional showing beyond the allegation of a possessory interest" to establish standing) (emphasis supplied).  The showing may not be a heavy burden, but it is a burden nonetheless.  *Id.* at 1062.  *See also United States v. $290,000.00 in United States Currency*, 2006 WL 2475331, *4 (D. Kan. Aug. 25, 2006) ("The courts have consistently held that *unexplained* naked possession does not constitute a sufficient possessory interest to confer standing on a claimant to contest a forfeiture." (emphasis supplied)).  This is particularly so in light of Kokkos's declaration that he alone owned the watches – a statement that *directly* contradicts Aersped's bare allegations.

Controlling precedent in this Circuit requires a bailee who claims entitlement to property subject to forfeiture to identify the owner of the property.  "A bailee must assert for whom he acts."  *United States v. $260,242.00 United States Currency*, 919 F.2d 686, 688 (11th Cir. 1990) (adopting holding in *United States v. $321,470*, 874 F.2d 298, 304 (5th Cir. 1989), that "one claiming to have been acting as a bailee . . . in a forfeiture action must identify the owner of the property."); *see also $205,991.00*, 1997 WL 669839 at *2.  Without identifying *facts* supporting its claim, Aersped has not sufficiently stated a claim and cannot show that its interest is superior to that of the government's, as required by § 853(n)(6)(A).

The Court concludes, based on the allegations contained in Petition, that Aersped has failed to demonstrate standing under § 853(n)(3) sufficient to contest the forfeiture of the 49 watches.  Aersped also has failed to state a claim for relief under § 853(n)(6)(A).  At this juncture, then, a hearing to adjudicate the validity of Aersped's interest in the watches is premature and inappropriate.

Rather than seeking to strike or dismissal of the petition, however, the government prudently requests that Aersped be required to clarify its claim. The Court grants the government's request. Aersped shall file an amended petition that satisfies 21 U.S.C § 853(n) (as discussed herein), within twenty (20) days from the date of this Order. If Aersped does not file an amended petition within this timeframe, the Court will recommend to the Honorable Joan A. Lenard that Aersped's claim in this action be dismissed with prejudice. If Aersped does file an amended petition, the government upon review thereof may file any authorized motion within twenty (20) days of the date Aersped files its amended pleading.

### B.    *Discovery*

Aersped bears the burden of proving in this proceeding, by a preponderance of the evidence, that it has both a legal interest in the 49 watches and that its interest is superior to that of the government's. § 853(n)(6)(A). Federal Rule of Criminal Procedure P. 32.2 governs criminal forfeiture proceedings, and expessly contemplates discovery in an ancillary proceeding such as this one, in accordance with the Federal Rules of Civil Procedure, if the Court determines that "discovery is necessary or desirable to resolve factual issues." Rule 32.2(c)(1)(B). The Court agrees with the government that discovery is both necessary and desirable so that Aersped's claim to the watches can be resolved. The particular topics identified by the government in its motion to authorize discovery, *see* footnote, *supra*, are appropriate areas of inquiry. The Court grants the government's motion for discovery, subject to the filing of an amended petition by Aersped. If and when an amended petition is filed, the government may seek discovery in any manner authorized by the rules of civil procedure.

Aersped's request that the deposition of its 30(b)(6) representative be conducted in Switzerland is denied. Absent a showing of good cause under Rule 26(c), a foreign

claimant in a federal forfeiture proceeding - like Aersped - can be required to be deposed in the district where the action is pending. *See generally* 8A Wright, Miller, & Marcus, Federal Practice and Procedure § 2112 (2d ed. 1994 & 2007 Supp.). Furthermore, the time and expense of having to travel to the United States from another country (obstacles not even raised by Aersped, the Court notes) does not constitute an undue burden. *See United States v. $106,066.98*, 202 F.R.D. 6224, 627-28 (S.D. Cal. 2001) (forfeiture claimants located in Pakistan required to attend depositions in California). Aersped is more than just a witness in this case. It is a claimant seeking affirmative relief by invoking the jurisdiction of this Court. As such, Aersped is not beyond the subpoena power of this Court and may be compelled to produce its corporate representative for deposition in this country if it wishes to pursue a claim in this proceeding. *See United States v. One Parcel of Real Estate at 5860 North Bay Road, Miami Beach, Fla.*, 121 F.R.D. 439 (S.D. Fla. 1988) (corporate directors who resided in Colombia were required to appear for deposition in Miami where corporation was claiming interest in forfeited property). Assuming that an amended petition is filed that complies with the applicable statute, and if and when the government seeks to depose Aersped's 30(b)(6) witness, that individual (or individuals) will be required to travel to the United States for deposition.

\* \* \*

### *III.   CONCLUSION*

Based on the foregoing, the Court hereby **denies without prejudice** Petitioner's Motion for Hearing [**D.E. 25**]; **grants** government's Motion for Discovery [**D.E. 27**]; **denies** Petitioner's Motion to Quash Subpoena Duces Tecum [**D.E. 28**]; and **grants** government's Motion for Clarification of Claim [**D.E. 29**].  Aersped shall file an amended verified Petition within twenty (20) days of the date of this Order, as set forth above, following which the government may within twenty (20) days thereof file any appropriate motion it chooses or proceed with discovery in accordance with the Fed. R. Civ. P. 26.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of July, 2007.

EDWIN G. TORRES
United States Magistrate Judge